Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 56 | **DATE** | 11/29/2004 |
| **CASE TITLE** | WALTER WELLS vs. CITY OF CHICAGO, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendants City of Chicago's motion to dismiss is granted in part and denied in part. Count one is wholly dismissed, while count two is dismissed as against the City, but remains against Daniel Fernandez.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 3 0 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | 20 |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WALTER WELLS, | ) |
| Plaintiff, | ) |
| vs. | ) No. 04 C 56 |
| CITY OF CHICAGO and DANIEL FERNANDEZ, | ) |
| Defendants. | ) |

DOCKETED
NOV 3 0 2004

MEMORANDUM OPINION AND ORDER

Plaintiff claims that the City, through its agent, Daniel Fernandez, removed personal belongings of his from a property on March 6, 2003, in violation of due process. He also claims that he owns the property and that the defendants demolished the house situated there, in violation of due process. The defendants move to dismiss. We grant the motion by the City, but, for now, deny in part the motion by Fernandez.

The exhibits attached to the defendants' response suggest the following scenario: Fernandez is an assistant corporation counsel who sought court orders for the removal of junk and the like from the property. He got them. They were thereafter vacated when plaintiff entered the picture, but not until after March 6, 2003. Plaintiff also sought to prevent the demolition of the house, but he could not satisfy the state court that he owned the property, and the house was demolished pursuant to court order. If that is the correct scenario, then both counts surely fail. It seems unlikely that an assistant corporation counsel personally removed the personal property and failed to secure it, and his conduct as a corporation counsel raises immunity issues.

But exhibits attached to a response to a motion to dismiss cannot be considered. They are the stuff of a summary judgment motion. We have to look at the complaint.

The complaint is brief. While plaintiff is correct that he need not satisfy any heightened pleading standards, the complaint does not suggest any ongoing City policy or what it might be. The Monell claims against the City are dismissed. Assuming that the claims against Fernandez are brought in his individual capacity, the loss of personal property claimed in Count I is foreclosed by the Parratt doctrine, *see* Doherty v. City of Chicago, 75 F.3d 318, 323 (7th Cir. 1996). Plaintiff does not allege, much less explain, why state post-deprivation remedies are inadequate. Count I is dismissed. Count II is dismissed as against the City, but remains against Fernandez.

                                                JAMES B. MORAN
                                                Senior Judge, U. S. District Court

Nov. 29, 2004.